

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Bascom Giles
Commissioner General Land Office
Austin, Texas

Dear Mr. Giles:

Opinion No. 0-461
Re: Right of State to one-half
of the consideration paid
to Sabine Royalty Corpora-
tion as consideration for
instrument executed April
29, 1937.

This is in reply to your letter of May 17, 1939,
in which you request our opinion with respect to whether
or not the State of Texas is entitled to receive one-
half of the amount paid to the Sabine Royalty Corporation
as consideration for the execution by the Sabine Royalty
Corporation of an instrument dated April 29, 1937, to
B. F. Farris and Roundup Oil & Gas, Company.

Upon examining the enclosures in your letter,
it first appeared to us that the interest purported
to be conveyed by Sabine Royalty Corporation in the
instrument dated April 29, 1937, was derived from an
attempted reservation of minerals by a former owner of
the land. As it is settled by Greene v. Robison, 107
Tex. 515, 8 S. W. (2d) 655 and Lamar v. Garner, 50 S. W.
(2d) 769, and other decisions that the owner of the sur-
face and soil of school land sold by the State with
mineral reservation has no interest whatever in the min-
erals in said land prior to the execution of a valid oil
and gas lease thereon, we were at first inclined to hold
that the State of Texas, had no claim to one-half of the
consideration or bonus money paid to a subsequent grantee
of the void reservation of minerals.

Before writing an opinion, however, we secured certified copies of various instruments which are of record in Young County, Texas, evidencing the title to the land in question. Also, we succeeded in borrowing an abstract which shows the complete title to this land. Upon examining those instruments, we find certain transactions of record which have caused us to conclude that the State of Texas is entitled to receive one-half of the $3,000.00 consideration which was paid to the Sabine Royalty Corporation wh consideration for the execution of the instrument referred to.

Such instruments disclose that on November 10, 1919, Charles C. Triplett conveyed to J. W. Robinson and John Meyer an undivided two-thirds interest in the land in question. This instrument was filed for record on December 10, 1919, and recorded in Vol. 80, page 531, Deed Records of Young County, Texas

By instrument dated June 20, 1925, D. K. Deats conveyed to John E. Meyer an undivided one-third interest in the land in question by instruentn filed on June 22, 1925, and recorded in Vol. 114, p. 72 of the Deed Records of Young County, Texas.

By deed dated October 26, 1928, John E. Meyer and J. W. Robinson conveyed the land in question to Mrs. An Brogden, filed for record on November 3, 1928, and recorded in Vol. 132, p. 253 of the Deed Records of Young County, Texas, Such instrument provided that none of the oil or gas or other minerals in the land in question was included in the conveyance but that all of such minerals were especially reserved to the grantors, other than a 1/32 royalty which was provided to be paid to the grantee in the event of production of oil or gas.

In Vol. 84 p 65 of the Deed Records of Young County, Texas, there appears an instrument designated a special power of attorney, dated March 22, 1920, from John Meyer to John Elmer Meyer.

By instrument dated July 9, 1936, Edna Meyer, Lelia Jernigan, King M. Jernigan, Florence L. Meyer, Elsie Shiel, Howard Shiel and Glenn Meyer, reciting themselves

Hon. Bascom Giles, Page 3

to be the children of John Meyer Sr., deceased, conveyed an undivided 4/18 interest in the land in question to Sabine Royalty Corporation. This instrument was filed for record on September 18, 1936, and is recorded in Vol. 165 p. 478, Deed Records of Young County, Texas.

By instrument dated April 29, 1937, Sabine Royalty Corporation especially ratified and confirmed to B. P. Farris and Roundup Oil & Gas Company "all the leasehold estates, rights and privileges so claimed by said Farris and Roundup Oil & Gas Company, above recited", which leasehold rights, estates and privileges were described as being a full and unencumbered leasehold interest in said land. Such instrument further recited that it was the intention of the Sabine Royalty Corporation to grant to the grantees therein "the full 7/8 leasehold working interest in and to the tract of land above described; and such shall be the effect hereof just as surely as if said Sabine Royalty Corporation had properly and officially joined in the execution of the various leases under which said Farris and said Roundup Oil & Gas Company claim".

The oil and gas lease which was filed in the General Land Office was executed by Mrs. Ann Brogden only in favor of B. P. Farris. The bonus recited in such oil and gas lease is the sum of $6.18, or 10 cents per acre.

It becomes apparent from the instruments above referred to, and other information which we have received, that there were two persons bearing the nameof John Meyer who resided in Young County at the time of the transactions in question. The instruments in question and other circumstances indicate strongly that the John Meyer named as grantee in the instrument dated November 10, 1919, and recorded in Vol. 80 p. 331, Deed Records of Young County is a different person from the John E. Meyer named as grantee in the deed dated June 20, 1925, recorded in Vol. 114 p. 72 of the Deed Records of Young County, Texas. The instrument dated October 26, 1928, recorded in Vol. 132 p. 253 of the Young County Deed Records, under which instrument Mrs. Ann Brogden apparently claims is executed by J. W. Robinson and by John E. Meyer. John Meyer did not join as grantor in said instrument. If it is true that John E. Meyer owns a one-third undivided interest in the land in question and that John Meyer owns

Hon. Bascom Giles, Page 4

a similar interest, then it follows that a one-third undivided interest was outstanding in John Meyer upon the date of the execution of the oil and gas lease by Ann Brogden to B. P. Farris. This outstanding interest apparently was purchased by Sabine Royalty Corporation and thereafter conveyed to B. P. Farris and Roundup Oil & Gas Company in an instrument which, in our opinion, has the legal effect of an original oil and gas lease.

At the time of the execution of such instrument by the Sabine Royalty Corporation, the State of Texas was the owner of a one-third undivided interest in the oil, gas and other minerals in the tract of land in question, and Sabine Royalty Corporation by virtue of Articles 5367 and 5368, 1925 Revised Civil Statutes of Texas, known as the Relinquishment Act, was the owner of an undivided 1/3 of the surface and soil, and by virtue thereof , was constituted the agent of the State of Texas for the purpose of executing an oil and gas lease upon a one-third undivided interest in said minerals. Said corporation was bound and obligated to pay to the State of Texas one-half of any bonus received in consideration for such oil and gas lease. B. P. Farris and Roundup Oil & Gas Company likewise were bound and obligated to pay the State of Texas one-half of said bonus, and the obligation of the lessees is not fulfilled or excused by making full payment to the lessor. Empire Gas & Fuel Co. v. State, 47 S. W. (2d) 265.

Accordingly, you are advised that, in our opinion, you have taken a correct position in calling upon the Sabine Royalty Corporation for payment of one-half of the amount received by it by the execution of the instrument in question. Also, in our opinion, B. P. Farris and Roundup Oil & Gas Company are jointly and severally bound and obligated to the State of Texas for the same debt.

A copy of this opinion is being sent to the Sabine Royalty Corporation, together with a demand for payment of the amount in question. The necessary proceedings will be taken to enforce payment if voluntary payment is not made. A similar demand will be made upon B. P. Farris and Roundup Oil & Gas Company. We

shall also continue our investigation in order to determine finally and conclusively whether or not John Meyer and John K. Meyer each owned an undivided one-third of the land in question at the time of the transactions here involved.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By     (signed)
           Robert E. Kepke
                  Assistant

REK:BT